[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2957
The plaintiff, Citibank, filed a one count complaint in foreclosure against the defendants, John and Louise McCue, Fleet Bank and The Home Insurance Company. The McCues filed an amended answer, special defenses and counterclaim. The defendants allege special defenses of breach of contract, breach of the covenant of good faith and fair dealing, and breach of a fiduciary duty, that allegedly arose out of settlement negotiations conducted after default. The plaintiff filed a motion to strike (#118) the defendants' special defenses on the ground of legal insufficiency, and also a motion for summary judgment (#120). The plaintiff did not file any evidence in support of its motion for summary judgment. The defendants filed memoranda in opposition to the plaintiff's motion to strike, and motion for summary judgment. The defendants also filed an affidavit and documentary evidence in opposition to the motion for summary judgment. While courts have recognized equitable defenses in foreclosure action, such defenses have generally only been considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." See Lawall Realty, Ltd. v.Auwood, Superior Court, Judicial District of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); NationalMortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.). In Bank of Boston v. Calabrese, Superior Court, Judicial District of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.) the court determined that negotiations following default do not go to the making, validity or enforcement of the note. See also Centerbank v. Motor Inn Associates, 9 Conn. L. Rptr. 505, 506 (August 2, 1993, Thompson, J.). Accordingly, the plaintiff's motion to strike the special defenses is granted.
Because the plaintiff has not presented any evidence in support of its motion for summary judgment, it has not sustained its burden of showing that there are no genuine issues of material fact. Accordingly, the plaintiff's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut this 28th day of March, 1995
WILLIAM BURKE LEWIS, JUDGE CT Page 2958